IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONDABAY LIGGINS-McCOY** | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO._____ |
| | : | |
| **DEMOCRATIC CAUCUS OF THE** | : | |
| **SENATE OF PENNSYLVANIA** | : | JURY TRIAL DEMANDED |
| and | : | |
| **ANTHONY H. WILLIAMS** | : | |
| (in his individual capacity only) | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff Rondabay Liggins-McCoy hereby complains as follows against Defendant Democratic Caucus of the Senate of Pennsylvania and Defendant Anthony H. Williams:

**I.     JURISDICTION AND VENUE**

1.      The instant action is initiated pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* ("Rehab Act") and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").

2.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

3.      The United States District Court for the Eastern District of Pennsylvania has original

subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and © because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district and because Defendants are subject to personal jurisdiction in the Eastern District of Pennsylvania.

## II. PARTIES

5. Plaintiff is an adult female and citizen of the United States and the Commonwealth of Pennsylvania. Her date of birth is December 27, 1958.

6. Defendant Democratic Caucus of the Senate of Pennsylvania ("Democratic Caucus") is an employer and a distinct legislative entity within the General Assembly of the Commonwealth of Pennsylvania.

7. Defendant Anthony H. Williams is an adult male who at all times relevant to this complaint has served as an elected Member of the Senate of Pennsylvania. During all such times Senator Williams has aligned with the Democratic Caucus.

8. At all times relevant herein, the Democratic Caucus acted through its several agents, servants, and employees (including but not limited to those named elsewhere in this Complaint), each of whom acted in the course and scope of their employment for, and membership in, the Democratic Caucus at all times relevant herein. The Democratic Caucus is therefore fully responsible for the illegal acts and omissions of the aforesaid employees

pursuant to the principle of *respondeat superior*.

### III.    FACTUAL BACKGROUND

9.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff was hired in 2008 as a constituent service representative for Senator Williams. She was assigned to work in his main legislative district office in southwest Philadelphia. Later, she was transferred to the Senator's other legislative district office in Yeadon, Delaware County and served as constituent services director.

11. In or about early 2017, Plaintiff was diagnosed with breast cancer. She had surgery in or about March 2017 and was out of work for approximately four weeks.

12. In or about late summer 2017, Plaintiff began radiation therapy. Due to some of the side effects, Plaintiff occasionally missed a day of work.

13. In or about late 2017, Plaintiff's cancer treatments began including certain oral medications. The medications caused significant side effects such as joint/leg/muscle cramps, pains and inflammation. There were also physical limitations caused by the surgery. These conditions required physical therapy sessions which Plaintiff generally scheduled after work.

14. Due to the aforesaid treatments and side effects from cancer, Plaintiff occasionally needed to be out for treatment. If Senator Williams' management team did not dispatch assistance, there were short period of times during certain days when there was no coverage at Senator Williams' Yeadon office.

15. Senator Williams took exception when this happened. Senator Williams made comments reflecting his displeasure when Plaintiff was not at the legislative office when receiving such treatments.

16. Plaintiff's occasional need for time off for doctors' appointments and physical therapy continued throughout 2018.

17. Plaintiff's time off was protected under the FMLA.

18. On or about November 9, 2018, Plaintiff notified Senator Williams that she was in the hospital. Senator Williams asked if it was for the same issue. She told him it was.

19. On or about December 5, 2018, in a meeting with Senator Williams' chief of staff and Democratic Caucus human resources, Plaintiff was told her job was being eliminated, that they were reorganizing the office.

20. The day before Plaintiff was fired, a different legislative management office approved her most recent FMLA request.

21. The same chief of staff - who had assumed his role just weeks earlier - had made a comment regarding the age of the Senator's staff, and about getting younger. He himself had replaced an employee approximately 64 years of age.

22. Plaintiff's job duties were not eliminated. They were absorbed by an employee approximately one-half of Plaintiff's age.

## COUNT ONE
## DISABILITY DISCRIMINATION IN VIOLATION OF REHAB ACT
### (against the Democratic Caucus only)

23. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

24. The Democratic Caucus is subject to the provisions of the Rehabilitation Act, per 29 U.S.C. § 794(b)(1).

25. Plaintiff is a "qualified individual with a disability" as that term is defined in the Rehab Act because at all relevant times she had a physical impairment that substantially limited her in one or more major life activities, and/or she had a record of such an impairment. Further, Plaintiff was able to perform the essential components of her job with or without a reasonable accommodation.

26. In discharging Plaintiff because of her disability or perceived disability, the Democratic Caucus knowingly, purposefully and deliberately violated Plaintiff's rights under the Rehab Act.

27. As a result of the Democratic Caucus' unlawful discrimination, Plaintiff has suffered pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

**WHEREFORE**, with regard to Count One, Plaintiff requests the relief set forth below:

A. The Democratic Caucus shall be permanently enjoined from discriminating against Plaintiff on any basis forbidden by the Rehab Act;

B. The Democratic Caucus shall be enjoined from maintaining its illegal policy, practice, or custom of discriminating against employees based on their disability or perceived disability, and is to be ordered to promulgate an effective policy against such

discrimination and to adhere thereto;

C. The Democratic Caucus shall compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, stock options, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the time the Democratic Caucus began its unlawful conduct until the date of verdict;

D. Plaintiff is to be awarded actual damages, as well as compensatory damages for the pain, suffering, mental anguish and humiliation caused to her by the Democratic Caucus' actions;

E. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

G. This Court should maintain jurisdiction over the instant action to ensure full compliance with its Orders therein until such time it is satisfied that its Orders and dictates have been complied with in full by Defendant.

### COUNT TWO
### VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993
### (against Defendant Williams individually)

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. The FMLA was enacted by Congress in 1993, in part to address problems arising from "inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(b)(1).

30. Plaintiff was an "eligible employee" within the meaning of FMLA (29 U.S.C. § 2611(2)(A)) as she had been employed by the Democratic Caucus for at least 12 months and for at least 1,250 hours during the previous 12-month period.

31. As an eligible employee, Plaintiff was entitled up to 12 weeks of leave during any 12-month period wherein she suffered a serious health condition pursuant to 29 U.S.C. § 2612(a)(1)(c).

32. Senator Williams is considered an employer under the FMLA pursuant to 29 U.S.C.§ 2611(4)(A)(ii)(I).

33. In terminating Plaintiff for needing and/or exercising her right to take temporary FMLA leave to recuperate from cancer-related issues, Senator Williams deliberately and purposefully violated Plaintiff's FMLA rights.

**WHEREFORE**, with regard to Count Two, Plaintiff requests the following relief:

A. Senator Williams shall pay all wages, salary, employment benefits and other compensation denied to Plaintiff or lost by reason of the aforesaid FMLA violations, pursuant to 29 U.S.C. § 2617(A)(i)(I);

B. Senator Williams shall pay interest on any amount of damages awarded and this

interest shall be calculated at the prevailing rate, pursuant to 29 U.S.C. § 2617(1)(A)(ii);

C. Senator Williams shall pay an additional amount as liquidated damages, pursuant to 29 U.S.C. § 2617(1)(A)(iii);

D. Senator Williams shall reinstate Plaintiff or pay projected front pay losses to Plaintiff, pursuant to 29 U.S.C. § 2617(B);

E. Senator Williams shall pay the fees and costs of this action incurred by Plaintiff, including reasonable attorneys' fees, pursuant to 29 U.S.C. § 2617(3);

F. This Court should grant any and all other such legal or equitable relief as it deems necessary, just, and appropriate.

**REQUEST FOR JURY TRIAL**

Plaintiff hereby makes her request for a jury trial for all claims raised in this action.

Respectfully submitted,

WEINSTEIN LAW FIRM, LLC

By: _____
Marc E. Weinstein, Esquire
500 Office Center Drive, Suite 400
Fort Washington, PA 19034
267.513.1942
marc@meweinsteinlaw.com
Counsel to Plaintiff
PA Atty No. 79474

Dated: April 16, 2019[1]

---

[1] An age discrimination claim is being filed concurrently before the Pennsylvania Human Relations Commission. When the Commission concludes its review, Plaintiff shall include an age discrimination cause of action against Senator Williams.

8