IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **RONDABAY LIGGINS-McCOY,** | : | |
| | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| v. | : | **NO. 19-1639** |
| | : | |
| **DEMOCRATIC CAUCUS OF THE** | : | |
| **SENATE OF PENNSYLVANIA, et al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

**AND NOW**, this __1st__ day of July 2021, upon consideration of Defendant Anthony H. Williams' Motion to Dismiss for Lack of Jurisdiction (ECF 21), Plaintiff's Response in Opposition (ECF 23), and the associated motions for replies (ECFs 24 and 26), **IT IS HEREBY ORDERED AND DECREED** that:

1. Defendant's Motion is **GRANTED** as to count III of Plaintiff's Amended Complaint.[i] The claim is **DISMISSED WITHOUT PREJUDICE** with leave to amend. Plaintiff has 30 days from the date of this order to submit an amended complaint.

2. Both reply Motions (ECFs 24 and 26) are **DENIED AS MOOT.**

                                                       **BY THE COURT**:

                                                       /s/ Petrese B. Tucker
                                                       _____
                                                       **Hon. Petrese B. Tucker, U.S.D.J.**

[i] Before the court are Defendant Anthony H. Williams' Motion to Dismiss (ECF 21), and Plaintiff Rondabay Liggins-McCoy's Response in Opposition (ECF 23). While Plaintiff's Pennsylvania Human Relations Act (PHRA) age discrimination claim was made after the appropriate exhaustion of administrative remedies, that claim needs to be pled with more specificity as to Defendant Williams. For this reason, the Motion to Dismiss is granted with leave to amend the Complaint.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Rondabay Liggins-McCoy is a former constituent services representative in the legislative office of Anthony H. Williams, State Senate representative ("Senator Williams") for District 8, which covers portions of Philadelphia and Delaware counties. Liggins-McCoy filed the first iteration of this lawsuit alleging employment discrimination against the Democratic Caucus of the Senate of Pennsylvania ("PA Senate Democrats") and Senator Williams on April 16, 2019. Compl. (ECF 1). That complaint alleged one count of disability discrimination in violation of the Rehabilitation Act (29 U.S.C. § 791 *et seq.*) against the PA Senate Democrats, and one count of violating the Family and Medical Leave Act (FMLA) (29 U.S.C. § 2601 *et seq.*) against Senator Williams individually. *Id.* Liggins-McCoy claims that she was fired for taking time off protected under the FMLA for breast cancer treatment. Compl. ¶¶ 11-19.

The motions now before this court stem from the Amended Complaint filed on March 6, 2020. Am. Compl. (ECF 18). The new Complaint added a third allegation that Senator Williams aided and abetted age discrimination, in violation of the Pennsylvania Human Relations Act (PHRA) (43 P.S. § 951 *et seq.*). It alleges that Plaintiff's firing was the result of age discrimination as well as a refusal to accommodate protected leave requests.

## II. STANDARD OF REVIEW

Rule 12(b)(1) allows the court to dismiss a complaint for lack of subject matter jurisdiction. A 12(b)(1) motion may use a facial attack, challenging jurisdiction based on the face of the complaint, or use a factual attack bringing in external information. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). A facial attack contests the sufficiency of the pleadings and the court must view the factual allegations of the complaint in the light most favorable to plaintiff. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A factual attack, on the other hand, concerns "the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). In a factual attack, a district court may weigh and "consider evidence outside the pleadings." *Gould Elecs. Inc.*, 220 F.3d at 176. A factual attack places the burden of proof on the plaintiff to show "that jurisdiction does in fact exist;" therefore, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

Rule 12(b)(6) governs dismissal of a complaint for failing to state a claim upon which relief can be granted. When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Argueta v. US. Immigration & Customs Enf't*, 643 F.3d 60, 74 (3d Cir. 2011). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Ultimately, "[a] court may dismiss a complaint for failure to state a cause of action only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Gupta v. Albright Coll.*, No. 05-1921, 2006 WL 162977, at *1 (E.D. Pa. Jan. 19, 2006) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)).

## III. ANALYSIS

### A. Administrative Remedies Were Exhausted on the PHRA Claim

Plaintiff has exhausted her administrative remedies on the PHRA claim, starting with the proper filing of a charge with the Pennsylvania Human Relations Commission (PHRC). While Defendant contends that problems with the handling of the claim by the PHRC mean administrative remedies went unexhausted and this court lacks jurisdiction, these arguments ignore both Plaintiff's own actions to preserve her rights and well-established doctrines in the Third Circuit that allow for the curing of the issues Defendant identifies.

#### 1. Plaintiff Filed a Timely Charge of Age Discrimination

Defendant argues that Plaintiff has failed to exhaust her administrative remedies. However, Plaintiff filed an age discrimination charge with the PHRC on April 19, 2019—within 180 days of the alleged discriminatory act, December 5, 2018. *See* Pl.'s Opp'n Mot. Dismiss Ex. 1. This submission means that she complied with the provisions of the relevant statute. *See* 43 P.S. § 959(h).

### 2. The Post-Filing Actions of the PHRC Are Not Held Against Plaintiff

Defendant's motion to dismiss is premised not on the failure to file a charge with the PHRC in the appropriate amount of time, but on what happened afterwards. According to a November 26, 2019 letter from the agency, Plaintiff's charge was not accepted for filing with the PHRC because it was potentially outside of the agency's jurisdiction, due to the "separation of powers doctrine". Pl.'s Opp'n Mot. Dismiss Ex. 2. The letter noted that a failure to file a complaint would preclude a suit under the PHRA in court. *Id.* However, Defendant's motion then diverges from the facts. Contrary to the contention that Plaintiff did not react to this letter, Plaintiff's attorney *did* respond to the PHRA's letter on December 20, 2019. Pl.'s Opp'n Mot. Dismiss Ex. 3. The letter explicitly states that Plaintiff "unequivocally request[s] that her charge be further submitted and considered on its merits," and that she would cooperate with any administrative investigation. *Id.* Plaintiff heeded the warning of the agency, but it is not clear what happened afterwards. Pl.'s Opp'n Mot. Dismiss 7.

Given the proper filing of a charge with the PHRC, and Plaintiff's prompt response to the agency's letter, Plaintiff did her part with regards to an attempt to exhaust administrative remedies. In *Hicks v. ABT Associates, Inc.*, the Third Circuit ruled that a plaintiff's attempts to amend a discrimination charge filed with the EEOC did not impede the ability to file a civil action if the failure of that amendment was the result of the agency's own actions. *See* 572 F.2d 960, 964–65 (3d Cir. 1978) ("The failure of the EEOC to accept the amendment [is] . . . . the result of the failure of the agency to follow the statute and its own regulations. The individual employee should not be penalized by the improper conduct of the Commission.") The court rested its reasoning on the idea that the "statutory policy" of a charge-filing provision is fulfilled

once a plaintiff makes good faith efforts to comply, and the mistake of the agency in fulfilling its duties once the plaintiff complies should not be held against the claimant. *Id.*

This principle can be applied directly to charges filed to the PHRC as well. *Smith v. Video Monitoring Servs. of Am., L.P.*, No. CIV.A.98-4939, 2000 WL 1521606 (E.D. Pa. Oct. 3, 2000). In *Smith*, the plaintiff informed the PHRC of a sexual harassment allegation that the agency initially excluded from its formal charge. Even after efforts to have the charge amended, including plaintiff's attorney sending a detailed letter and a new complaint being drafted at the agency's office, the PHRC failed to formalize the amended complaint and act on it, likely due to administrative error. This did not stop the court in *Smith* from finding that the plaintiff had fulfilled the charge filing requirements of the relevant statute. *Id.* at *4.

A finding that Plaintiff fulfilled the PHRA's charge filing requirements is consistent with settled precedent in the Third Circuit that the charge-filing provisions of antidiscrimination statutes are to be liberally construed. *See Rabzak v. Berks Cty.*, 815 F.2d 17, 20 (3d Cir. 1987) ("[Such a] principle rests upon the premise that an anti-discrimination statute . . . is humanitarian legislation which should be liberally interpreted to effectuate the congressional purpose of ending discrimination and that Congress envisioned that charges would mostly be filed by laymen unassisted by lawyers.")

Plaintiff met the charge-filing requirements of the PHRA in filing her claim for age discrimination.

### 3. PHRC Jurisdictional Issues Can Be Cured Under Settled Third Circuit Doctrine

Defendant also argues that because the PHRC never formally resolved the charge Plaintiff submitted, the PHRC retains jurisdiction over the age discrimination claim, exclusive of this Court under the PHRA statute. *See* 43 Pa. Stat. Ann. § 962(c); *Burgh v. Borough Council of*

*Borough of Montrose*, 251 F.3d 465, 471 (3d Cir. 2001) ("The PHRA similarly requires that claims be brought first to . . . the PHRC, which has exclusive jurisdiction over the claim for a period of one year") (citing *Clay v. Advanced Computer Applications, Inc.*, 522 Pa. 86 (1989). However, when a plaintiff files a lawsuit before the PHRC mandatory one-year period expires, a district court has the discretion to allow for amendment of the complaint to include the PHRA claim. *Rosetsky v. Nat'l Bd. of Med. Examiners of U.S., Inc.*, 350 F. App'x 698, 703 n.3 (3d Cir. 2009). When the PHRC one-year period has elapsed by the time the court rules, as it has here, courts in this district have seen fit to deny a motion to dismiss on the PHRA claim without requiring an amended complaint. *See Szurgyjlo v. Sourceone Pharmacy Servs., LLC*, No. CV 20-4304, 2020 WL 7249095, at *3 (E.D. Pa. Dec. 9, 2020) (explaining that the requirement to file an amended complaint is generally applied when the PHRC period has not yet elapsed). The PHRA period on Plaintiff's claim would have expired on April 19, 2020, over a year ago. Pl.'s Opp'n Mot. Dismiss 8 n.5. Plaintiff's PHRC claim is properly within this Court's jurisdiction.

### B. There is No Eleventh Amendment Immunity for Claims Against Individuals

Plaintiff's age discrimination claim against Senator Williams is also not barred by the Eleventh Amendment. Defendant argues that the Eleventh Amendment of the United States Constitution acts as a bar against liability for Senator Williams, as the PHRA only waives the Commonwealth's immunity from suit in state, not federal court. *Nelson v. Com. of Pennsylvania Dep't of Pub. Welfare*, 244 F. Supp. 2d 382, 391 (E.D. Pa. 2002). However, Eleventh Amendment immunity does not apply under the PHRA to claims made against individual persons in their individual capacities, as opposed to Commonwealth agencies. *See Merces-Clark v. Pennsylvania*, No. CIV.A. 13-02111, 2013 WL 6096324, at *3 (E.D. Pa. Nov. 19, 2013) ("The PHRA allows individual supervisors to be held liable for aiding and abetting an employer's

violation of the PHRA under 43 P.S. § 955(e).") (citations omitted); *Dennison v. Pennsylvania Dep't of Corr.*, 268 F. Supp. 2d 387, 404-405 (M.D. Pa. 2003) ("the Eleventh Amendment is applicable only to the states and their agencies, not individual state employees sued in their personal capacities."). As Plaintiff has made a claim against an individual in their personal capacity under the PHRA, Eleventh Amendment immunity does not enter the picture.

C. **Plaintiff Has Not Pled a Plausible Age Discrimination Claim**

Plaintiff, however, has failed to meet the Rule 12(b)(6) standard for substantively pleading that Senator Williams aided and abetted age discrimination. Senator Williams argues that Plaintiff's age discrimination claim should be dismissed because she failed to plead facts that would plausibly establish that Defendant engaged in that conduct. Defendant contends that under section 955(e) aiding and abetting liability, a plaintiff needs to allege that a supervisor "knew or should have known that the plaintiff was being subjected to harassment but repeatedly refused to take action to end the harassment." *Rosh v. Gold Standard Café at Penn, Inc.*, No. CV 16-1676, 2016 WL 7375014, at *7 (E.D. Pa. Dec. 19, 2016) (internal quotations omitted) (quoting *Dici v. Commonwealth of Pa.*, 91 F.3d 542, 553 (3d Cir. 1996)).

Plaintiff has alleged facts that satisfy an underlying prima facie age discrimination claim. Plaintiff in her complaint pled that she was (1) over 40 (59) at the time the adverse employment was taken; (2) that an adverse employment action was taken (she was fired); (3) that she was qualified for her position (her performance and qualifications had not been called into question); and (4) that she was replaced with someone young enough to support an inference of discriminatory animus (she was replaced with an employee half her age). *Compare Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009) (explaining the elements of an age discrimination claim) *and* Pl.'s Opp'n Mot. Dismiss 11.

However, the problem is that Plaintiff has not done enough to allege that *Senator Williams, specifically* was involved with or aware of the acts of age discrimination. Plaintiff only states that "As Plaintiff's ultimate supervisor, Senator Williams aided and abetted the decision to discharge from her employment on account of her age." Pl.'s Am. Compl. ¶ 38. This does not meet the standard of 955(e) liability. In *Barthold v. Briarleaf Nursing & Convalescent Center Nursing Home*, a plaintiff alleged a 955(e) aiding and abetting claim against their supervisor, without alleging a corresponding 955(a) violation by an employer. The court dismissed the claim, noting that the plaintiff had simply stated in a paragraph of the complaint that "at all times material hereto, [defendant] aided and abetted the aforementioned harassment, hostile work environment, and discrimination to which [plaintiff] was subjected." *Barthold v. Briarleaf Nursing & Convalescent Center Nursing Home*, 2014 WL 2921534, *7-8 (E.D. Pa. June 27, 2014). The *Barthold* court characterized this line as a conclusory paragraph simply citing an element of supervisory liability under section 955(e). This line is strikingly similar to the language Plaintiff uses in her Amended Complaint. For this reason, a PHRA claim was not sufficiently pled.

However, Plaintiff does have the opportunity to amend her complaint to address this shortcoming. A district court is obligated to permit a curative amendment "unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). Plaintiff in her response to this Motion to Dismiss has stated that a subsequent amended Complaint would detail Williams' authority over his staff, the exercise of that authority over Plaintiff, and include emails detailing awareness and approval of the "job elimination" plan. Pl.'s Opp'n Mot. Dismiss 11 n.6. These new elements, if appropriately pled, would satisfy an age discrimination claim with regards to Senator Williams.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**. Plaintiff has 30 days from the date of this order to file an amended complaint curing the pleading issues with Count III.