IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONDABAY LIGGINS-MCCOY | : | Civil Action |
| Plaintiff | : | No. 2:19-cv-01639-PBT |
| v. | : | |
| DEMOCRATIC CAUCUS OF THE SENATE OF PENNSYLVANIA and ANTHONY H. WILLIAMS (in his individual capacity only) | : | |
| Defendants | : | |

**BRIEF IN SUPPORT OF**
**DEFENDANT DEMOCRATIC CAUCUS' MOTION FOR SUMMARY JUDGMENT**

SEMANOFF ORMSBY
    GREENBERG & TORCHIA, LLC
Michael J. Torchia, Esquire
Stephen C. Goldblum, Esquire
2617 Huntingdon Pike
Huntingdon Valley, PA 19006

Attorneys for Defendant
Democratic Caucus of the
Senate of Pennsylvania

{02269595;v2 }

**TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................................................1

II.  STATEMENT OF FACTS .....................................................................................................1

III. STATEMENT OF QUESTIONS INVOLVED AND STANDARD OF REVIEW ..................................................................................................................................1

    A.   Questions Involved ........................................................................................................1

    B.   Standard Of Review .......................................................................................................2

IV. ARGUMENT ..........................................................................................................................3

    A.   Plaintiff's Rehabilitation Act Claim Fails Because The Caucus Has Sovereign Immunity ......................................................................................................3

    B.   Plaintiff's Claim Fails Because The Caucus Is Not Subject To the Rehabilitation Act ..........................................................................................................6

        1.   A necessary element under the Rehabilitation Act is for the Caucus to receive federal funds. ..........................................................................6

        2.   The Caucus is not a program or activity that receives federal financial assistance ..........................................................................................7

        3.   Plaintiff was not excluded solely by reason of her handicap and therefore does not meet the third element under the Rehabilitation Act claim. .......................................................................................................8

    C.   In the alternative, absent a showing of "intentional discrimination," Plaintiff cannot recover compensatory damages for emotional distress under the Rehabilitation Act. .....................................................................................10

V.  CONCLUSION .....................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                                                                      **Page**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ..................................................................3, 4

*Barnes v. Gorman*, 536 U.S. 181 (2002) ...........................................................................................11

*Burton v. Teleflex Inc.*, 707 F.3d 417 (3d Cir. 2013) ..........................................................................3

*C.H., ex rel. Z.H. v. Oliva*, 226 F.3d 198 (3d Cir. 2000) (en banc) ....................................................4

*College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666 (1999) ...................................................................................................................4

*Dee v. Borough of Dunmore*, 549 F.3d 225 (3d Cir. 2008) ................................................................3

*Edelman v. Jordan*, 415 U.S. 651 (1974) ............................................................................................4

*Ex parte Young*, 209 U.S. 123 (1908) .................................................................................................5

*Fox & Roach LP v. Boberek*, 2021 WL 2351743, CIV.A. No. 19-2352 (E.D. Pa., June 9, 2021, Tucker, J.) .....................................................................................................................2

*Geness v. Administrative Office of Pennsylvania Courts*, 974 F.3d 263 (3d Cir. 2020) ...............11

*Goldenstein v. Repossessors Inc.*, 815 F.3d 142 (3d Cir. 2016) .........................................................3

*Harry v. National R.R. Passenger Corp.*, 2005 WL 1971884, CIV.A. 03-4704 (E.D. Pa., Aug. 16, 2005) ..........................................................................................................................7

*Haybarger v. Lawrence Cty. Adult Probation and Parole*, 551 F.3d 193 (3d Cir. 2008) ...........6, 7

*Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132 (3d Cir. 2001) ......................3

*Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247 (3d Cir. 2007) .....................................................3

*Koslow v. Pennsylvania*, 302 F.3d 161 (3d Cir. 2002) ...............................................................5, 7, 8

*Kowalski v. Postmaster General of United States*, 811 Fed. Appx. 733 (3d Cir. 2020) .................9

*Laskaris v. Thornburgh*, 661 F.2d 23 (3d Cir. 1981) ..........................................................................5

*Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288 (3d Cir. 2012) ........................................................3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) .........................................3

*MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491 (3d Cir. 2001) ................................................4

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984) ................................................4

*Precision Marketing, Inc. v. Commonwealth of Pennsylvania*, 78 A.3d 667 (Pa. Commw. 2013) ........................................................................................................................................4

*S.H. ex rel. Durrell v. Lower Merion School Dist.*, 729 F.3d 248 (3d Cir. 2013) ..........................11

*Santini v. Fuentes*, 795 F.3d 410 (3d Cir. 2015) ................................................................... 3

*Smith v. Loysville Youth Dev. Ctr.*, 2020 WL 5439547 (E.D. Pa. 2020) .......................................... 4

*Strathie v. Dep't of Transp.*, 716 F.2d 227 (3d Cir. 1983) ......................................................... 7, 10

*U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597 (1986) ................................... 7

*Woodring v. Republican Caucus of Pennsylvania House of Representatives*, 2019 WL
    1383633, CIV.A. 18-1158 (M.D. Pa. Mar. 27, 2019) ............................................................ 5, 8

**Statutes**

29 U.S.C. § 794(a) ................................................................................................................. 6, 9
29 U.S.C. § 794(b) ................................................................................................................. 7
29 U.S.C. § 794(b)(1) ............................................................................................................. 8
29 U.S.C. § 794(b)(1)(A) ....................................................................................................... 7
42 Pa. Cons. Stat. § 8521(b) .................................................................................................. 5
Age Discrimination in Employment Act ................................................................................ 8, 10
Family and Medical Leave Act .............................................................................................. 8, 10

**Rules**

Fed. R. Civ. P. 56(a) .............................................................................................................. 3

**Other Authorities**

U.S. Const. Amend. XI .................................................................................................... passim

**I.     INTRODUCTION**

In Count I of the Amended Complaint, Plaintiff claims the Caucus violated the Rehabilitation Act, alleging she was terminated because of a health condition. Plaintiff's claim, however, is wholly barred by the Eleventh Amendment and the application of sovereign immunity and cannot be allowed to continue.

We respectfully suggest that this Court need not go any further than the Eleventh Amendment analysis to dismiss Count I. But entirely separately from dismissal due to Eleventh Amendment immunity, Plaintiff's Rehabilitation Act also fails. Of the four elements necessary to sustain a Rehabilitation Act claim, Plaintiff cannot meet two of them: (1) the Caucus is not a program or activity that receives public funds; and (2) Plaintiff by her own admission concedes that her alleged disability was not the *sole* reason for her termination.

**II.    STATEMENT OF FACTS**

The Democratic Caucus of the Senate of Pennsylvania (**"Caucus"**) and Democratic State Senator Anthony H. Williams (**"Sen. Williams"**) are each filing summary motions contemporaneously, and with those motions jointly file a Statement of Undisputed Material Facts. That Statement is incorporated here by reference.

**III.   STATEMENT OF QUESTIONS INVOLVED AND STANDARD OF REVIEW**

   A.   **Questions Involved**

   1. Is the Caucus entitled to sovereign immunity under the Eleventh Amendment, requiring the dismissal of Plaintiff's Rehabilitation Act claim?

      Suggested Answer: **Yes. The Caucus is protected by sovereign immunity from Rehabilitation Act claims and therefore Count I of the Amended Complaint is dismissed.**

   2. Did Plaintiff meet the element under the Rehabilitation Act that the Caucus is a program or activity receiving federal funds?

> Suggested Answer: **No. The Plaintiff cannot demonstrate the Caucus receives or has ever received federal funds, therefore Count I of the Amended Complaint is dismissed.**

3. Did the Plaintiff meet the element under the Rehabilitation Act that her termination was the sole reason for her termination?

   > Suggested Answer: **No. The Plaintiff admits, and cannot otherwise demonstrate, that her alleged disability was the *sole* reason for her termination, therefore Count I of the Amended Complaint is dismissed.**

4. Did the Plaintiff demonstrate that the Caucus intentionally discriminated to trigger the possibility of compensatory damages under the Rehabilitation Act?

   > Suggested Answer: **No. The Plaintiff did not demonstrate intentional discrimination and therefore cannot recover compensatory damages under the Rehabilitation Act.**

**B.    Standard Of Review**

In the recent case of *Fox & Roach LP v. Boberek*, 2021 WL 2351743, CIV.A. No. 19-2352 (E.D. Pa., June 9, 2021, Tucker, J.) this Court set forth the summary judgment standard as follows.

Summary judgment can only be awarded when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). To defeat a motion for summary judgment, there must be a factual dispute that is both genuine and material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49 (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). A material fact is one that "might affect the outcome of the suit under the governing law[.]" *Anderson*, 477 U.S. at 248. A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id.*

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). When the movant is the defendant, the defendant therefore has the burden of demonstrating that the plaintiff "has failed to establish one or more essential elements of her case." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013). If the movant sustains the initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At the summary judgment stage, the court's role is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue of fact for trial. *See Anderson*, 477 U.S. at 249 (citations omitted); *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001). Nonetheless, the Court must be mindful that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

IV. **ARGUMENT**

    A. **Plaintiff's Rehabilitation Act Claim Fails Because The Caucus Has Sovereign Immunity**

The Eleventh Amendment to the United States Constitution states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. The United States Supreme Court has consistently interpreted the Eleventh Amendment to preclude suits against a state in federal court by citizens of that state or other states. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669 (1999); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

In discussing the Eleventh Amendment immunity's application to states generally, Your Honor has said:

> Under the Eleventh Amendment, a state cannot be sued in federal court without its consent. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This immunity extends to citizens' lawsuits against their own states, as well as "to state agencies and departments." *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001) (citing *C.H., ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000) (en banc)).

*Smith v. Loysville Youth Dev. Ctr.*, 2020 WL 5439547, at *3 (E.D. Pa. 2020) (J. Tucker).

It is well-settled that the Caucuses of the Pennsylvania legislature, including the Defendant Democratic Caucus of the Senate of Pennsylvania, are programs or agencies of the General Assembly, which by definition comprises the "Commonwealth government." *Precision Marketing, Inc. v. Commonwealth of Pennsylvania*, 78 A.3d 667, 675 (Pa. Commw. 2013) (finding the Republican Caucus of the Senate of Pennsylvania is entitled to sovereign immunity); *see also Woodring v. Republican Caucus of Pennsylvania House of Representatives,* 2019 WL 1383633, CIV.A. 18-1158 *5 (M.D. Pa. Mar. 27, 2019) (finding the Eleventh Amendment specifically immunizes states, state agencies, and state officials, who are acting within their official capacities, from monetary damages under the ADA).

Sovereign immunity granted by the Eleventh Amendment is subject to three limitations:

> (1) Congress may specifically abrogate a state's sovereign immunity by exercising its enforcement power under the Fourteenth Amendment;

(2) a state may waive its sovereign immunity by consenting to suit; or

(3) under *Ex parte Young*, 209 U.S. 123 (1908), a state official may be sued in their official capacity for prospective injunctive relief.

*See Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002). While a state may waive its immunity and consent to suit against it in federal court, "Pennsylvania has specifically withheld consent." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981); *see* 42 Pa. Cons. Stat. § 8521(b) (regarding sovereign immunity generally).

Here, as discussed in *Koslow*, the only way Plaintiff in the instant case can assert a claim under Section 504 of the Rehabilitation Act, then, is if the Commonwealth of Pennsylvania, on behalf of the Caucus, has waived the sovereign immunity protection of the Eleventh Amendment by accepting federal funds for the Caucus. It has not.

Neither the Commonwealth of Pennsylvania nor the Senate or Caucus itself has accepted federal funds for the Caucus. The Chief Clerk of the Senate, Donetta M. D'Innocenzo, is the chief financial officer of the Senate responsible for all business functions of the Senate including accounting operations, payroll and benefits processing, facilities management, mail administration, purchasing, broadcast television operations, and telecommunications services. Ms. D'Innocenzo unequivocally states in her Declaration that the Senate of the Commonwealth of Pennsylvania nor the Caucus itself receives, or has ever received, federal funds. *See* Declaration of Donetta M. D'Innocenzo attached as **Exhibit W.**

Moreover, in addition to Ms. D'Innocenzo's Declaration, Plaintiff has not averred in the Amended Complaint or otherwise that the Caucus accepts federal funds, nor would it be true if such averment had been made. Plaintiff cannot make such averments because they would not be true as neither the Senate of the Commonwealth of Pennsylvania nor the Caucus accept federal funds.

5

Therefore, Plaintiff's claims against the Caucus under the Rehabilitation Act are barred by the Eleventh Amendment's grant of sovereign immunity and Count I of the Amended Complaint must be dismissed.

### B. Plaintiff's Claim Fails Because The Caucus Is Not Subject To the Rehabilitation Act

The question of whether the Caucus receives federal funds (it does not) is important not only to determine Eleventh Amendment immunity as discussed above, but also for Plaintiff to establish a *prima facie* case under the Rehabilitation Act. *Haybarger v. Lawrence Cty. Adult Probation and Parole*, 551 F.3d 193, 198 (3d Cir. 2008).

#### 1. A necessary element under the Rehabilitation Act is for the Caucus to receive federal funds.

Section 504 of the Rehabilitation Act states: "No otherwise qualified individual with a disability. . .shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity *receiving Federal financial assistance*." 29 U.S.C. § 794(a) (emphasis added). To prevail on a claim under Section 504, therefore, Plaintiff must demonstrate: (1) she is a "handicapped individual" under the Act; (2) she is "otherwise qualified" for the position sought; (3) she was excluded from the position sought solely by reason of her handicap; and (4) the program or activity in question receives federal financial assistance. *Strathie v. Dep't of Transp.,* 716 F.2d 227, 230 (3d Cir. 1983) (emphasis added); *see also Harry v. National R.R. Passenger Corp.*, 2005 WL 1971884, CIV.A. 03-4704 at *2 (E.D. Pa., Aug. 16, 2005) (J. Tucker) ("The analysis for the ADA, PHRA, and Rehabilitation Act claims are similar.") (citations omitted).

In its definitional section, the Rehabilitation Act provides:

> For the purposes of this section, the term "program or activity" means all the operations of—

> (1)(A) a department, agency, special purpose district, or other instrumentality of a State or local government; or
>
> (B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government agency) to which the assistance is extended, in the case of assistance to a State or local government;
>
> . . .any part of which is extended Federal financial assistance.

29 U.S.C. § 794(b) (emphasis added); *see U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 605 (1986) ("Congress limited the scope of Section 504 to those who actually 'receive' federal financial assistance because it sought to impose Section 504 coverage as a form of contractual cost of the recipient's agreement to accept the federal funds.").

Under the statutory definition in the Rehabilitation Act, the state as a whole, such as the Commonwealth of Pennsylvania, cannot be a "program or activity," but state departments or agencies receiving federal funds, qualify under the relevant statutory definition. *Koslow*, 302 F.3d at 171 (citing 29 U.S.C. § 794(b)(1)(A)). The Third Circuit has interpreted "program or activity" to apply only to the operations of any distinct or specific department or agency for which the Commonwealth of Pennsylvania accepts federal funds. *Id*. at 170; *Haybarger*, 551 at 200 (citing *Koslow*, 302 F.3d at 170) (finding that by accepting federal funds, the state voluntarily waives Eleventh Amendment immunity for Rehabilitation Act claims against that program, department or agency—but only that specific department or agency).

Applying the requirements for bringing a Section 504 claim, Plaintiff's claim against the Caucus fails.

### 2. The Caucus is not a program or activity that receives federal financial assistance.

Similar to the Department of Corrections in *Koslow*, the Caucus is the program, department or agency at issue in Plaintiff's Section 504 claim under the Rehabilitation Act.

7

{02269595;v2 }

Although the Plaintiff specifically names the Caucus in Count I of the Amended Complaint as "a distinct legislative entity within the General Assembly of the Commonwealth of Pennsylvania" her sole allegation is a conclusory statement – that "[the] Caucus is subject to the provisions of the Rehabilitation Act, per 29 U.S.C. § 794(b)(1)." Compl. ¶¶ 6, 24. The *Woodring* court found the Republican House Caucus is a program, department or agency, and the instant case is no different with the Democratic Senate Caucus. *See Woodring*, 2019 WL 1383633 at *5.

Since the Caucus is a Commonwealth program, department or agency, Plaintiff must meet the element of demonstrating it receives federal funds, which it does not. *See* Declaration of Donetta M. D'Innocenzo, **Exhibit W.**

Therefore, summary judgment must be granted to dismiss Plaintiff's Section 504 Rehabilitation Act claim in Count I of the Amended Complaint.

> 3. **Plaintiff was not excluded solely by reason of her handicap and therefore does not meet the third element under the Rehabilitation Act claim.**

Section 504 of the Rehabilitation Act has a sole causation requirement, which means that for a plaintiff to prevail, the alleged disability discrimination must be "solely by reason of . . . disability." *Kowalski v. Postmaster General of United States*, 811 Fed. Appx. 733, 737 (3d Cir. 2020) (citing 29 U.S.C. § 794(a)).

Plaintiff spends much of her time focusing on other reasons for her termination. Indeed, Count II of the Amended Complaint alleges violations of the Family and Medical Leave Act against Sen. Williams individually (Am. Compl. ¶¶ 28-33); and Count III alleges violations of the Age Discrimination in Employment Act against Sen. Williams individually (Am. Compl. ¶¶ 34-40).

Moreover, Plaintiff herself admits to Sen. Williams' reasoning for her termination and agrees his office went through a reorganization:

8

> Q. So part of the reason you were let go was because of the reorganization?"
>
> A. And part of it was because my age so that they could replace me with a younger person.
>
> \* \* \*
>
> Q. You also believe that you were let go because of your cancer, your medical condition?
>
> A. Correct.

Pltf. Dep. p. 59 lines 23-25; p. 60 lines 7-10; 14-16. Further, the evidence shows that Sen. Williams' decision to include Plaintiff as part of the transition plan occurred ***before*** Plaintiff's new request for leave in November, 2018 and her second and last notice to Sarah Eicher (Director of Human Resources) of the Caucus on December 5, 2018. Specifically, after the one year notice provided by Marlene Henkin on July 31, 2018, the need for Sen. Williams' to reorganize his office was clear. *Id.* at 12-16. On September 13, 2018, Adam Nagel and Sen. Williams met to discuss the transition and re-organization plan. *Id.* at 33. Thereafter, not until November 14, 2018 and later, was Sarah Eicher of the Caucus informed of Sen. Williams' plan, including termination of Plaintiff. *Id.* at 35-37.

Ultimately, in an effort to improve Sen. Williams' offices, Plaintiff's position as it existed was eliminated and her duties were dispersed among numerous other employees. *Id.* at 38-45. Further, as discussed in Sen. Williams' Affidavit (attached as **Exhibit U**), he would never have based his employment decision to terminate Plaintiff on her breast cancer as he too is a cancer survivor.

At best, Plaintiff presents only her subjective belief as to her alleged disability being ***one*** of the reasons she was terminated by the Caucus, but has not and cannot present any evidence to demonstrate her alleged disability was the ***sole*** reason. To the contrary, she has specifically

testified and averred to the contrary – that there were several reasons for her termination including violations of the FMLA and ADEA.

Plaintiff cannot have it both ways. She cannot allege for the purposes of responding to this motion that her alleged disability was the sole reason for her termination, but at the same time continue her allegations against Sen. Williams that the reason for her termination was age discrimination and retaliation for taking medical leave. Indeed, even taking Plaintiff's version of the facts as true, *she has admitted that her alleged disability was not the sole reason for her termination.*

The Caucus, therefore is entitled to summary judgment on Plaintiff's claim under Section 504 of the Rehabilitation Act for failure to demonstrate her termination was caused solely by reason of her handicap. *See Strathie v. Dep't of Transp.*, 716 F.2d 227, 230 (3d Cir. 1983)

C. **In the alternative, absent a showing of "intentional discrimination," Plaintiff cannot recover compensatory damages for emotional distress under the Rehabilitation Act.**

Pursuant to *S.H. ex rel. Durrell v. Lower Merion School Dist.*, 729 F.3d 248 (3d Cir. 2013), Plaintiff cannot recover compensatory damages absent a showing of intentional discrimination. The court in the *S.H. ex rel. Durrell* held:

> We also note that our holding here is in line with our sister Circuits applying *Guardian's* principles in the RA and the ADA context. All courts of appeals that have considered this issue have held that compensatory damages are not available under § 504 of the RA and § 202 of the ADA absent intentional discrimination.

*Id.* at 262 (citations omitted); *see also Barnes v. Gorman*, 536 U.S. 181, 188-90 (2002) (holding "punitive damages . . . may not be awarded in suits brought under . . . § 504 of the Rehabilitation Act")

"Intentional discrimination" in this context means at least "'deliberate indifference,' which requires '(1) knowledge that a federally protected right is substantially likely to be

10

violated ... and (2) failure to act despite that knowledge.'" *Geness v. Administrative Office of Pennsylvania Courts*, 974 F.3d 263, 274 (3d Cir. 2020) (quoting *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 265 (3d Cir. 2013)).

Other than Plaintiff's subjective belief, she has adduced no evidence that the Caucus' conduct violated the Rehabilitation Act, or if it did, that is was done intentionally or with deliberate indifference. Even if a Rehabilitation Act claim can be sustained, Plaintiff cannot show the Caucus had knowledge that a federally protected right was substantially likely to be violated or that the Caucus failed to act despite such knowledge.

Therefore, in the alternative, Plaintiff must be barred from seeking compensatory damages under the Rehabilitation Act against the Caucus.

### V. CONCLUSION

The Caucus cannot be sued for violations of the Rehabilitation Act because it enjoys sovereign immunity under the Eleventh Amendment. Furthermore, Plaintiff cannot meet the necessary elements to demonstrate a violation of the Rehabilitation Act.

The Caucus is entitled to summary judgment as a matter law and for Plaintiff's failure to establish the necessary elements under the Rehabilitation Act to succeed in her claims against the Caucus. Count I of the Amended Complaint must be dismissed.

Respectfully submitted,

*/s/ Michael J. Torchia*
SEMANOFF ORMSBY
    GREENBERG & TORCHIA, LLC
Michael J. Torchia, Esquire
Stephen C. Goldblum, Esquire
2617 Huntingdon Pike
Huntingdon Valley, PA 19006

Attorneys for Defendant
Democratic Caucus of the
Senate of Pennsylvania

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONDABAY LIGGINS-MCCOY | : | Civil Action |
| Plaintiff | : | No. 2:19-cv-01639-PBT |
| v. | : | |
| DEMOCRATIC CAUCUS OF THE SENATE OF PENNSYLVANIA and ANTHONY H. WILLIAMS (in his individual capacity only) | : | |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

I, hereby certify that on the date below, I caused the foregoing Brief in Support of Defendant Democratic Caucus' Motion for Summary Judgment to be filed on the ECF system. The following counsel of record are filing users under the ECF system for this case:

Elizabeth A. Malloy, Esquire
Stephen Millman, Esquire
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
emalloy@cozen.com
*Counsel for Defendant*
*Anthony H. Williams*

Marc E. Weinstein, Esquire
WEINSTEIN LAW FIRM, LLC
500 Office Center Drive, Suite 400
Fort Washington, PA 19034
marc@meweinsteinlaw.com
*Counsel for Plaintiff*

By:   */s/ Michael J. Torchia*
        *Counsel to Defendant,*
        *Democratic Caucus of the Senate of Pennsylvania*

Dated:  September 2, 2021

**12**

{02269595;v2 }