IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONDABAY LIGGINS-MCCOY | : CIVIL ACTION |
| | : |
| v. | : NO. 19-1639 |
| | : |
| ANTHONY H. WILLIAMS | : |

## ORDER

**AND NOW**, this 25th day of July 2022, upon considering Plaintiff's Motion for reconsideration (ECF Doc. No. 79) of Chief Judge Tucker's May 5, 2022 Order (ECF Doc. No. 77) granting the Democratic Caucus of the Senate of Pennsylvania's summary judgment motion and granting in part and denying in part Anthony H. Williams's summary judgment motion, the Caucus's Response (ECF Doc. No. 80), Senator Williams's Response (ECF Doc. No. 81), and Plaintiff's Reply (ECF Doc. No. 84), and finding no manifest injustice or clear error of law in Chief Judge Tucker's May 5, 2022 Order, it is **ORDERED**:

1. Plaintiff's Motion for reconsideration (ECF Doc. No. 79) is **DENIED**;[1] and,

2. The Clerk of Court and the parties shall amend the caption as above.

KEARNEY, J.

---

[1] Rondabay Liggins-McCoy sues the Democratic Caucus of the Senate of Pennsylvania for one count of disability discrimination under the Rehabilitation Act and sues Commonwealth Senator Anthony H. Williams for one count of violating the Family and Medical Leave Act (FMLA) and one count of age discrimination under the Pennsylvania Human Relations Act (PHRA). ECF Doc. No. 18.

Former Chief Judge Tucker granted summary judgment to the Caucus on May 4, 2022. ECF Doc. No. 76 at 7–11. She also granted summary judgment to Senator Williams on Ms. Liggins-McCoy's PHRA claim. *Id.* at 17–22. Judge Tucker permitted Ms. Liggins-McCoy's FMLA claim against

Senator Williams to proceed to trial. Chief Judge Sánchez reassigned this case to us. ECF Doc. No. 82.

Ms. Liggins-McCoy moves for reconsideration of Judge Tucker's findings. ECF Doc. No. 79. The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "The scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case." *Id.* We may grant a motion for reconsideration only "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677.

Ms. Liggins-McCoy first argues Judge Tucker's grant of summary judgment to the Caucus caused manifest injustice. Judge Tucker granted summary judgment to the Caucus finding it immune under the Eleventh Amendment as a Commonwealth entity. ECF Doc. No. 76 at 7–11. Judge Tucker rejected Ms. Liggins-McCoy's argument the Caucus waived its sovereign immunity under the Rehabilitation Act by accepting federal COVID-19 relief funds. *See id.* at 9 (citing 29 U.S.C. § 794(b)). Judge Tucker reasoned Ms. Liggins-McCoy submitted no proof the Caucus accepted and distributed federal funds as required to waive immunity under the Rehab Act. *Id.* at 10. Even had the Caucus accepted and distributed federal funds, Judge Tucker reasoned, the Caucus still would not waived immunity because it did not accept the funds during the time it allegedly discriminated against Ms. Liggins-McCoy. *Id.* at 10–11. Ms. Liggins-McCoy argues Judge Tucker's grant of summary judgment to the Caucus causes manifest injustice because Judge Tucker relied on arguments in the Caucus's Reply without letting Ms. Liggins-McCoy file a sur-reply. ECF Doc. No. 79 at 2–4. Ms. Liggins-McCoy moved to strike the Reply because it exceeded the page limit, but Judge Tucker did not rule on the Motion to strike before granting summary judgment to the Caucus. Ms. Liggins-McCoy argues Judge Tucker declining to rule on the Motion to strike precluded Ms. Liggins-McCoy from seeking leave to file a sur-reply challenging the Caucus's Reply arguments.

We reject Ms. Liggins-McCoy's argument because no manifest injustice occurred. "Courts may only grant reconsideration based on manifest injustice if the error is 'apparent to the point of being indisputable' or if the record presented is 'so patently unfair and tainted that the error is manifestly clear to all who view it.'" *In re Marinari*, 596 B.R. 809, 819 (Bankr. E.D. Pa. 2019) (quoting *In re Rommele*, 466 B.R. 706, 712 (Bankr. E.D. Pa. 2012)) (subsequent affirmances omitted). "A movant's mere dissatisfaction with the outcome does not constitute manifest injustice." *Id.*

Mere dissatisfaction is all Ms. Liggins-McCoy shows. Ms. Liggins-McCoy claims Judge Tucker somehow denied her "the fair chance to submit a sur-reply." ECF Doc. No. 79 at 3. Not so. Ms. Liggins-McCoy could have sought Judge Tucker's leave to file a sur-reply at any time after the Caucus filed a Reply. But she never did. She merely moved to strike the Caucus's Reply. Ms. Liggins-McCoy apparently believed she needed to await Judge Tucker's decision on her Motion to strike before seeking leave to file a sur-reply, but she identifies no rule showing this is so. Ms. Liggins-McCoy also ignores the fact she could have raised her purportedly winning arguments in

her Response to the Caucus's summary judgment Motion. Even assuming Judge Tucker somehow denied Ms. Liggins-McCoy the chance to file a sur-reply, the sur-reply only would have addressed one half of Judge Tucker's reasoning: whether the Caucus accepted and distributed federal funding. The sur-reply would not have addressed Judge Tucker's reasoning the Caucus did not accept and distribute federal funding during the relevant time period as required for the Caucus to have waived immunity. Judge Tucker's ruling caused no manifest injustice.

Ms. Liggins-McCoy next argues Judge Tucker committed a clear error of law by granting summary judgment to Senator Williams on Ms. Liggins-McCoy's PHRA claim. ECF Doc. No. 79 at 3–5. Judge Tucker found Senator Williams could be liable for aiding and abetting a PHRA claim only if the Caucus itself committed "a cognizable predicate offense, *i.e.*, a violation by [the employer] of the PHRA's primary anti-discrimination provision." *Id.* at 17 (quoting *Dickinson v. Millersville Univ. of Pa.*, No. 13-5022, 2014 WL 1327610, at *5 (E.D. Pa. Apr. 3, 2014)). Judge Tucker granted summary judgment to Senator Williams because Ms. Liggins-McCoy failed to address the Caucus's liability under the PHRA. *Id.* at 17–18. Ms. Liggins-McCoy claims Judge Tucker committed clear error of law because the General Assembly in the PHRA does not require her to name the Caucus as a defendant. ECF Doc. No. 79 at 4–6.

We reject Ms. Liggins-McCoy's argument because she fails to show Judge Tucker made a clear error of law. To show clear error of law, Ms. Liggins-McCoy must show "the court's decision is manifestly inconsistent with binding authority." *State Coll. Area Sch. Dist. v. Royal Bank of Canada*, No. 10-1823, 2012 WL 12904124, at *1 n.1 (M.D. Pa. Feb. 3, 2012). Mere disagreement with the Court does not establish clear error of law. *Jackson v. Kelchner*, No. 05-334, 2013 WL 12441448, at *1 (W.D. Pa. Feb. 15, 2013). Ms. Liggins-McCoy simply disagrees with Judge Tucker's ruling. Ms. Liggins-McCoy cites no "binding authority" from our Court of Appeals or authority from the Pennsylvania Supreme Court showing Judge Tucker incorrectly interpreted the PHRA. Ms. Liggins-McCoy instead misstates Judge Tucker's findings, claiming Judge Tucker dismissed her PHRA claim because she failed to also bring a PHRA claim against the Caucus. In fact, Judge Tucker dismissed the PHRA claim because Ms. Liggins-McCoy failed to address a primary violation by the Caucus, not because Ms. Liggins-McCoy failed to sue the Caucus. Ms. Liggins-McCoy concedes in her Motion for reconsideration she needed to establish a primary violation by the PHRA, so it is puzzling how she thinks Judge Tucker committed a clear error of law by finding the same. Even had Ms. Liggins-McCoy accurately described Judge Tucker's findings, she fails to explain how Judge Tucker's findings contradict binding authority. We deny her Motion.