IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONDABAY LIGGINS-MCCOY, | : CIVIL ACTION |
| Plaintiff, | : NO. 19-1639 |
| v. | : |
| ANTHONY H. WILLIAMS (in his individual capacity), | : |
| Defendant. | : |

## ORDER

**AND NOW** on this _____ day of _____, 2022, upon consideration of the Motion to Dismiss for Lack of Subject-Matter Jurisdiction filed by Defendant Anthony H. Williams, and Plaintiff Rondabay Liggins-McCoy's opposition thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. Plaintiff's remaining claim under the Family and Medical Leave Act is hereby **DISMISSED** with prejudice.

BY THE COURT:

_____
The Honorable Mark A. Kearney
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONDABAY LIGGINS-MCCOY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 19-1639 |
| | : | |
| v. | : | (JUDGE KEARNEY) |
| | : | |
| ANTHONY H. WILLIAMS (in his individual capacity), | : | [ELECTRONICALLY FILED] |
| | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF SUBJECT-MATTER JURISDICTION

Pursuant to Fed. R. Civ. P. 12(h)(3), Defendant Anthony H. Williams ("Mr. Williams"), by and through undersigned counsel, hereby moves to dismiss the only remaining claim in this case asserted by Plaintiff Rondabay Liggins-McCoy for lack of subject-matter jurisdiction. For the reasons set forth in Mr. Williams' accompanying Memorandum of Law, incorporated herein by reference, Mr. Williams respectfully request that the Court grant this Motion and issue the proposed Order filed herewith.

Respectfully submitted,

Dated: October 19, 2022

/s/ Benjamin L. Shechtman
Benjamin L. Shechtman
bshechtman@cozen.com
Elizabeth A. Malloy
emalloy@cozen.com
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA  19103
(215) 665-2046

Attorneys for Anthony H. Williams

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONDABAY LIGGINS-MCCOY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 19-1639 |
| | : | |
| v. | : | (JUDGE KEARNEY) |
| | : | |
| ANTHONY H. WILLIAMS (in his individual capacity), | : | [ELECTRONICALLY FILED] |
| | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS
FOR LACK OF SUBJECT-MATTER JURISDICITON**

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and the Policies and Procedures of this Court, Defendant Anthony H. Williams ("Mr. Williams"), by and through his undersigned counsel, submits this Memorandum of Law in Support of Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction.

**I.   INTRODUCTION.**

This case is scheduled for trial beginning October 26, 2022 on the sole remaining claim asserted by Plaintiff Rondabay Liggins-McCoy ("Plaintiff") against Mr. Williams. As to this remaining claim, Plaintiff, a former employee of the Democratic Caucus of the Senate of Pennsylvania, alleges that Mr. Williams interfered with her rights under the Family and Medical Leave Act, 29 U.S.C § 2611 *et seq*. ("FMLA"). The FMLA, however, does not extend benefits to Plaintiff because she was a Commonwealth employee in a legislative office and was not covered by any civil service laws. In view of these facts, which were established long before this litigation, Plaintiff's lack of entitlement to FMLA benefits invites a question of law and is dispositive. As such, the Court lacks subject-matter jurisdiction and should dismiss this case

with prejudice.

## II. RELEVANT BACKGROUND.

Plaintiff is a former employee of the Democratic Caucus of the Senate of Pennsylvania. ECF No. 45 at 1 ¶ 1; ECF No. 57-1 at 1 ¶ 1. In her Amended Complaint, Plaintiff asserted three causes of action against her former employer and former Defendant, Democratic Caucus of the Senate of Pennsylvania ("Caucus"), and Mr. Williams. First, Plaintiff asserted a claim of disability discrimination under the Rehabilitation Act, 29 U.S.C. § 791 *et seq*., against the Caucus. Second, Plaintiff asserted a claim under the FMLA against Mr. Williams individually. Third, Plaintiff asserted a claim of age discrimination under the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* ("PHRA"), also against Mr. Williams individually.

By Opinion and Order dated July 5, 2022 (ECF No. 76-77), the Honorable Petrese B. Tucker granted in part Defendants' respective Motions for Summary Judgment. The Court dismissed Plaintiff's claims of disability discrimination and age discrimination under the Rehabilitation Act and the PHRA, respectively, with prejudice. As a result, the Caucus has been dismissed as a defendant. Thus, Plaintiff's remaining claim for trial is her FMLA claim against Mr. Williams. Plaintiff has never asserted any FMLA claim against her former employer, the Caucus.

## III. ARGUMENT

### A. STANDARD OF REVIEW.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines **at any time** that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3) (emphasis added). "Federal procedural guidelines dictate that we may consider jurisdiction at any time." *Marburger v. Upper Hanover Twp.*, 225 F. Supp. 2d 503, 505 (E.D.

Pa. 2002) (Van Antwerpen, J.) (citing, *inter alia*, *In Re: Bone Screw Prods. Liability Litig.*, 132 F.3d 152, 155 (3d Cir. 1997) ("*Bone Screw*")). If the Court determines that it lacks subject-matter jurisdiction, it has "no authority under the Constitution to decide the case on its merits." *Marburger*, 225 F. Supp. 2d at 505 (citing *Bone Screw*, 132 F.3d at 155).

### B. THE COURT LACKS SUBJECT-MATTER JURISDICTION.

The Court lacks subject-matter jurisdiction because Plaintiff was not an "employee" under the FMLA. For an individual be entitled to the benefits of the FMLA, such individual must be an "eligible employee" under the statute. 29 U.S.C. § 2612(a)(1) ("an eligible **employee** shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following . . . .") (emphasis added). The absence of subject-matter jurisdiction arises not from the "eligibility" modifier, but rather because Plaintiff was not even an "employee" under the statutory definition who was capable of meeting those requirements. 29 U.S.C. § 2611(3) provides, in pertinent part, "The terms 'employ,' 'employee', and 'State' have the same meanings given such terms in subsections (c), (e), and (g) of section 3 of the Fair Labor Standards Act of 1938 (29 U.S.C. § 203(c), (e), and (g))." 29 U.S.C. § 2611(3).

The Fair Labor Standards Act, in turn, defines the term "employee" as follows:

> (C) **any individual employed by a State**, political subdivision of a State, or an interstate governmental agency, **other than such an individual**—
>
> > (i) **who is not subject to the civil service laws** of the State, political subdivision, or agency which employs him; and
> >
> > (ii) who—
> >
> > > (I) holds a public elective office of that State, political subdivision, or agency,
> > >
> > > (II) is selected by the holder of such an office to be a member of his personal staff,

3

>> (III) is appointed by such an officeholder to serve on a policymaking level,
>
> (IV) is an immediate adviser to such an officeholder with respect to the constitutional or legal powers of his office, or
>
> **(V) is an employee in the legislative branch or legislative body of that State, political subdivision, or agency and is not employed by the legislative library of such State, political subdivision, or agency.**

29 U.S.C. § 203(e)(2)(C) (emphasis added).

In *Marburger v. Upper Hanover Twp.*, 225 F. Supp. 2d 503 (E.D. Pa. 2002) (Van Antwerpen, J.), the court held that it lacked subject-matter jurisdiction for the same reasons that subject-matter jurisdiction is lacking in the instant case: the plaintiff was not an "employee" under the Fair Labor Standards Act, whose definition of "employee" set forth above is incorporated into the FMLA under 29 U.S.C. § 2611(3). The court determined that the plaintiff: (1) was a public employee; (2) was not subject to the civil service laws; and (3) fit within the "personal staff" exemption as defined by the courts. As a result, the court concluded, "we find that Plaintiff was not covered under Title VII or the EPA, and therefore lacks subject matter jurisdiction." 225 F. Supp. 2d at 514. The court dismissed the case and remanded it to state court for the continued litigation of her state-law claims. *Id.*

The instant case requires a simpler analysis than *Marbuger* but the identical result. As an initial matter, this case involves the same statutory definition as was at issue in *Marburger*, and, as a result, also involves a question of subject-matter jurisdiction. In other words, if Plaintiff was not an "employee" as defined by the FMLA and FLSA, she was not entitled to any FMLA benefit and has no standing to pursue her claim against Mr. Williams.

The record establishes that Plaintiff was not an "employee" as defined in 29 U.S.C.

4

§ 203(e)(2)(C). First, Plaintiff was admittedly "employed by a State, political subdivision of a State, or an interstate governmental agency" because she was an employee of the Senate of Pennsylvania. In response to former Defendant Democratic Caucus of the Senate of Pennsylvania's Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, Plaintiff admitted that she "is a former employee of Defendant Democratic Caucus of the Senate of Pennsylvania[.]" ECF No. 45 at 1 ¶ 1; ECF No. 57-1 at 1 ¶ 1. In addition, there is no dispute that the Senate of Pennsylvania paid Plaintiff's wages during her Caucus employment.

Second, Plaintiff was "not subject to the civil service laws of the State, political subdivision, or agency which employ[ed] [her]." The FLSA implementing regulations provide the following guidance:

> The term "civil service laws" refers to a personnel system established by law which is designed to protect employees from arbitrary action, personal favoritism, and political coercion, **and which uses a competitive or merit examination process for selection and placement. Continued tenure of employment of employees under civil service, except for cause, is provided.** In addition, such personal staff members must be appointed by, and serve solely at the pleasure or discretion of, the elected official.

29 C.F.R. § 553.11(c) (emphasis added).

Pennsylvania law governs the determination of whether an individual meets this criterion. *Marburger*, 225 F. Supp. 2d at 508. As the court in *Marbuger* explained:

> Being "subject to the civil service laws" of Pennsylvania for the purpose of conferring "employee" status under the FLSA is not an abstract concept explored on a case-by-case basis, as Plaintiff would define it. Pennsylvania law specifically provides for civil service positions. Thus, being a civil service employee is in this respect like being pregnant: one either is or is not pregnant, and one either is or is not a civil service employee. No outward resemblance of pregnancy makes one more or less pregnant, just as no civil service likeness makes one more or less a civil service employee.

*Id.*

As a legislative employee in Mr. Williams' Senate office, Pennsylvania's Civil Service Act did not apply to Plaintiff.  A review of Pennsylvania's Civil Service Act makes clear that it did not apply to her.  In fact, no employee of the Senate of Pennsylvania is a civil service employee.  Pennsylvania's Civil Service Act defines "classified service" to include sixteen (16) enumerated categories, none of which include legislative employees or offices.  *See* 71 P.S. § 741.3(d).  The Pennsylvania Supreme Court has held that "the definitions of such positions are governed only by the Commonwealth's statutory provisions." *Marburger*, 225 F. Supp. 2d at 509 (citing *McGrath v. Staisey*, 433 Pa. 8, 12, 249 A.2d 280 (1968) ("It is an accepted view in this state that no employee in the civil service may be appointed, transferred, reinstated, promoted, or discharged in Any manner or by Any means other than those specified by statutes regulating civil service.")).  Just as in *Marburger*, then, "Plaintiff's position was not a statutorily-created Civil Service position, and she can therefore not be considered a civil service employee[.]" *Marburger*, 225 F. Supp. 2d at 509.

Finally, Plaintiff was "an employee in the legislative branch or legislative body of that State, political subdivision, or agency and is not employed by the legislative library of such State, political subdivision, or agency." 29 U.S.C. § 203(e)(2)(C)(V).  Plaintiff does not dispute that she worked in a legislative office of a State Senator first as a Constituent Services Liaison and then as Director of Constituent Services.  ECF No. 45 at 4 ¶ 14; ECF No. 57-1 at 3 ¶ 14.  In the two prior cases involving the "legislative branch or body" exemption set forth in 29 U.S.C. § 203(e)(2)(C)(V), the court in each case found that the legislative employee lacked standing or could not pursue such claims.  *See Lifrak v. N.Y. City Council*, 389 F. Supp. 2d 500 (S.D.N.Y. 2005) and *Ellington v. City of E. Cleveland*, No. 10-CV-311, 2011 U.S. Dist. LEXIS 58117 (N.D. Oh. May 31, 2011).

In *Lifrak v. N.Y. City Council*, an attorney working in the office of the General Counsel to the New York City Council filed a lawsuit asserting, *inter alia*, an Equal Pay Act claim that incorporates the same FLSA definition of "employee" as does the FMLA. The court found, in relevant part, "Lifrak is an employee of the New York City Council, the principal legislative body of the City of New York, a political subdivision of the State of New York . . . as an employee of the Council, Lifrak is covered by the 'legislative body' provision in [29 U.S.C. § 203(e)(2)(C)(V)]." 389 F. Supp. 2d at 504. The court explained, "If . . . she is also 'not subject to the civil service laws of the State, political subdivision, or agency which employs [her],' she is not an 'employee' pursuant to the FLSA, *see* 29 U.S.C. § 203(e)(2)(C), and therefore lacks standing to bring her Equal Pay Act claim." *Id.* The court concluded:

> Lifrak has failed to meet her burden to show that she has statutory standing to assert her claim. As an employee of a legislative body, she cannot bring a private right of action pursuant to the Equal Pay Act if she is not subject to the civil service laws of New York. *See* 29 U.S.C. §§ 203(e)(2)(C), 216(b) . . . Lifrak has failed to make any showing that she is subject to New York's civil service laws. Accordingly, she lacks statutory standing to pursue her Equal Pay Act claim and it need be dismissed for lack of subject matter jurisdiction.

*Id.* at 506.

In *Ellington v. City of E. Cleveland*, a Deputy Clerk of Council for the City of East Cleveland brought wage payment claims under the FLSA and Ohio law. In relevant part, the court found:

> A deputy clerk of council is both an employee of a city and a legislative body, because the legislative body is technically a part of city government." Recognizing this, the FLSA "legislative employee" exception excludes an individual who is "employed by . . . [a] political subdivision of a State," § 203(e)(2)(C), and that political subdivision is a "legislative branch or legislative body," § 203(e)(2)(C)(ii)(V). Plaintiff's employment falls directly under this exception.

2011 U.S. Dist. LEXIS 58117, at *15.

In sum, Plaintiff was not an "employee" as defined by applicable law, and, consequently, she was never entitled to any FMLA benefit. Plaintiff was a Commonwealth employee working in a legislative office and was not subject to any civil service laws. Pursuant to the definition of "employee" set forth in 29 U.S.C. § 203(e)(2)(C) and incorporated into the FMLA at 29 U.S.C. § 2611(e), the FMLA disqualifies Plaintiff from any FMLA benefit. She never had standing to bring an FMLA claim with respect to her Senate employment and the Court lacks subject-matter jurisdiction as a result. Therefore, the Court should dismiss this case with prejudice. *Marburger v. Upper Hanover Twp.*, 225 F. Supp. 2d 503, 505 (E.D. Pa. 2002)

### C. PLAINTIFF WOULD NOT BE ABLE TO ESTABLISH PREJUDICE BECAUSE HER NON-"EMPLOYEE" STATUS IS A PURELY LEGAL QUESTION.

The Third Circuit has "not directly addressed whether an exception to the definition of 'employees' under federal employment laws is an affirmative defense." *See Clews v. County of Schuylkill,* 12 F.4th 353, 358 (3d Cir. 2021). For the reasons explained above, Mr. Williams submits that the Court should dismiss this case for lack of subject-matter jurisdiction rather than because of a meritorious affirmative defense. However, to the extent that the Court finds that the "legislative body" exemption constitutes an affirmative defense, the Court should still dismiss this case because Plaintiff has not suffered prejudice.

Affirmative defenses "may be raised at any time, even after trial, so long as the plaintiff suffers no prejudice." *Id.* (citation omitted). To establish prejudice, Plaintiff would need to show that Mr. Williams' "failure to raise the specific defense deprived [her] of an opportunity to rebut that defense to alter [her] litigation strategy." *Id.*[1]

---

[1] Mr. Williams raised an affirmative defense in his Answer with Affirmative Defenses filed on August 3, 2021. *See* ECF No. 39 ("Plaintiff was not an 'eligible' employee within the meaning of the FMLA.").

8

Plaintiff will not suffer prejudice within the meaning of the law if the Court finds that that she was not entitled to FMLA benefits because such a finding would rest upon issues well-known to Plaintiff long before she commenced this litigation.  Plaintiff has long-known that she was a Senate employee (by virtue of her paychecks and myriad other documents); that she was not a civil service employee (*inter alia*, because she never took any type of civil service exam); and because she worked in a legislative body.  *See* 29 U.S.C. § 203(e)(2)(C).  Plaintiff should not be heard to claim that any discovery could have altered these established facts, and she cannot offer any evidence to rebut them.

## IV. **CONCLUSION.**

For the foregoing reasons, Mr. Williams respectfully requests that the Court grant his motion and dismiss this case with prejudice for lack of subject-matter jurisdiction.

Respectfully submitted,

Dated: October 19, 2022

/s/ Benjamin L. Shechtman
Benjamin L. Shechtman
bshechtman@cozen.com
Elizabeth A. Malloy
emalloy@cozen.com
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA  19103
(215) 665-2046

## CERTIFICATE OF SERVICE

I, Benjamin L. Shechtman, do hereby certify that on 19th day of October, 2022, I caused a true and correct copy of the foregoing Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction, Memorandum of Law in Support, and proposed Order to be filed electronically via the Court's ECF system, which caused the same to be served upon the following counsel of record for Plaintiff, addressed as follows:

Marc E. Weinstein<br>
Weinstein Law Firm, LLC<br>
500 Office Center Drive, Suite 400<br>
Fort Washington, PA 19034<br>
marc@meweinsteinlaw.com

Counsel to Plaintiff

/s/ Benjamin L. Shechtman
Benjamin L. Shechtman